IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEY LYNN DIERKER )
) No. 16-1880
)
v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

## SYNOPSIS

Plaintiff filed an application for disability benefits and supplemental social security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. Plaintiff alleged disability due, <u>inter alia</u>, to migraine headaches. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. The parties' Cross-Motions for Summary Judgment are before the Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff complains that the ALJ crafted the residual functional capacity ("RFC") that included medium work, without opinion evidence about the effect of headaches and anemia-related fatigue on Plaintiff's pace.

The RFC read as follows:

> …[T]he claimant has the residual functional capacity to perform medium work…except: she is limited to work which is low stress, defined

as her work requiring only routine, repetitive tasks, only occasional judgment, decision-making, and workplace changes, and only occasional interaction with the public, coworkers, and supervisors.

In reaching this RFC, the ALJ noted that no physician had provided a medical source statement more restrictive than the RFC; indeed, as Plaintiff points out, the record contains no medical opinion regarding the effect of headaches and fatigue on her functionality. The ALJ considered Plaintiff's testimony "that her conditions affected her ability to talk, remember, complete tasks, concentrate, understand, follow instructions, use her hands, and get along with others." Plaintiff testified to problems with memory and concentration, as well as mood swings and fatigue. The ALJ also considered medical records relating to Plaintiff's treatment for headaches, complicated by medication overuse. A headache physician noted lifestyle noncompliance. The ALJ also recounted Plaintiff's various reports to providers regarding incapacitating headaches, alongside objective medical observations and Plaintiff's reports regarding the frequency with which the headaches caused her to miss work. For example, in January of 2015, she advised a physician that she had incapacitating headaches six days a month, but had only missed two days of work in six months due to the headaches. Regarding Plaintiff's diagnosis of iron-deficiency anemia, the ALJ noted that Plaintiff suffered from fatigue, but was also able to work full time during the times that fatigue was reported. He also noted that Plaintiff's physician was unsure that her fatigue was closely related to her anemia, due to stable hemoglobin. Noting Plaintiff's part-time work history, the ALJ stated that although her jobs were not performed at the level of substantial gainful employment, they constituted a "strong indication of no significant limitations in activities of daily living."

"[T]he ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." Chandler v. Comm'r of Soc. Sec., 667

3

F.3d 356, 362 (3d Cir. 2011). Moreover, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). Nonetheless, as Plaintiff correctly argues, it is rare that an RFC decision can be made without a physician's assessment of a Plaintiff's functional abilities. The reason for this rarity is because an ALJ, as a lay person, is not qualified to interpret raw medical data in functional terms. See, e.g., Moffatt v. Astrue, No. 10-226, 2010 U.S. Dist. LEXIS 103508, at * 6 (W.D. Pa. Sept. 30, 2010). In other words,

> [T]he underlying determination is a medical determination, i.e., that the claimant can lift five, 20, 50, or 100 pounds, and can stand for 30 minutes, two hours, six hours, or eight hours. That determination must be made by a doctor. Once the doctor has determined how long the claimant can sit, stand or walk, and how much weight the claimant can lift and carry, then the ALJ, with the aid of a vocational expert if necessary, can translate that medical determination into a residual functional capacity determination.

Warfle v. Astrue, No. 10-1255, 2011 U.S. Dist. LEXIS 150692, at *15 (M.D. Pa. May 5, 2011).

Applicable regulations allow, but do not require, an ALJ to seek further medical opinion. Houlihan v. Astrue, No. 10-641, 2010 U.S. Dist. LEXIS 139391, at *35 (M.D. Pa. Dec. 1, 2010). The decision regarding whether to do so "rests in the sound discretion of the ALJ." Id.

Plaintiff's argument holds superficial appeal. Unlike cases in which error was found on such grounds, however, the ALJ here did not interpret raw medical information to arrive at a conclusion. First, he gave great weight to the opinion of Emanuel Schnepp, Ph.D., a state agency psychologist at the initial level. Dr. Schnepp, who considered Plaintiff's migraine diagnosis and related records, opined that Plaintiff was moderately limited in her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, and maintain attention and concentration for extended periods. The ALJ also reviewed medical

4

records that consisted of physicians reporting Plaintiff's own reports of headaches and fatigue, and then assessed Plaintiff's credibility, on which those physician reports depend.[1] Thus, the ALJ did not merely reject the medical opinion of record, and then craft his own lay-opinion RFC in the remaining void. The ALJ acted appropriately when he reviewed and assessed the entire medical record, and then evaluated the record in light of Plaintiff's complaints and credibility. The burden to establish disability rests on a claimant, and claimant did not proffer medical opinion evidence to support functional limitations imposed by her headaches and fatigue. Despite the lack of such opinion, there is no indication that the record lacked data, or contained evidentiary gaps, that required the ALJ to seek additional evidence or clarification pursuant to applicable regulations.[2] Under all of the circumstances, I find no error.

## CONCLUSION

In sum, under applicable standards, the ALJ's decision was supported by substantial evidence. An appropriate Order follows.

BY THE COURT:

/s/Donetta W. Ambrose

---

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: December 1, 2017

---

[1] Plaintiff challenges only the omission in the RFC; she does not challenge the propriety of the limitations actually expressed in the RFC, and therefore I do not consider the propriety of those limitations.
[2] Moreover, the ALJ did, in fact, find that plaintiff had moderate difficulties with pace. A limitation to low-stress work, with limitations to simple, repetitive, and routine tasks, has been found to accommodate moderate limitations with pace. E.g., Morgan v. Comm'r of Soc. Sec., No. 12-12021, 2012 U.S. Dist. LEXIS 178130, at *36 (E.D. Mich. Nov. 28, 2012).

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEY LYNN DIERKER )
) No. 16-1880
)
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

## ORDER

AND NOW, this 1st day of December, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion is granted, and Plaintiff's denied.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court